Fulcher *vs.* Lyon.

## FULCHER *vs.* LYON.

In debt, a variance between the writ and declaration, as to the amount of the *ad damnum,* is immaterial, and no ground of abatement.

On demurrer to plea in abatement sustained, the judgment should be *respondeat ouster.*

Where a note bears interest from maturity, at the rate of ten per centum per annum, and the breach in the declaration does not negative the payment of the interest, judgment for the debt, and six per cent. interest from the date of the note, is erroneous.

THIS was an action of debt, determined in the Jackson Circuit Court, in May, 1842, before the Hon. SAMUEL H. HEMPSTEAD, Special Judge. Lyon sued Fulcher, on the 19th of September, 1840, on a bond, dated Sept. 6, 1840, for $927 61, due at 12 months from date, with interest at ten per cent. per annum, after maturity. The breach was silent as to the interest. Capias issued, to which the defendant pleaded an abatement, for variance between the writ and declaration, as to the amount of the *ad damnum*. Demurrer to the plea sustained, and the defendant failing to plead further, and saying nothing further, &c., judgment final for the debt, and interest at six per cent. per annum from 6th Sept., 1840, till paid, and costs. Fulcher appealed.

*Fowler*, for the appellant. The suit was instituted nearly twelve months *before the note fell due.* This objection is, of course, fatal, on demurrer, arrest of judgment, or error. *Bell vs. Bullion*, 2 *Yerger*, 479. 1 *Tidd Pr.* 368. *Carth.* 113. *Doug.* 61. 7 *T. R.* 474. 3 *J. R.* 42.

The declaration sets out a contract for *conventional interest.* The breach should have extended to such interest. So repeatedly decided by this Court.

The plea in abatement ought to have been sustained. *Renner vs. Reed*, 3 *Ark.* 339. And, if overruled, the judgment should have been *respondeat ouster*, *ib.* *McLain & Badgett vs. Smith*, *ante*.

*By the Court*, DICKINSON, J. The plea in abatement renders an inquiry into the previous proceeding unnecessary, except as to the cause of abatement pleaded, viz: variance between the writ and declaration. The latter states the damages at $300; the former at but $70. The demurrer to this plea was unquestionably well sustained; for we consider it wholly immaterial, under our statute, at what amount the damages were stated in the writ. But the judgment, upon its face, is erroneous, for it ought to have been an interlocutory judgment of *respondeat ouster*. It is also erroneous, because the writing obligatory sued on, bears ten per cent. interest per annum, from maturity. There is no breach in the declaration, alleging the

non-payment of interest, yet judgment is rendered for the amount of debt claimed, and six per cent. interest from the date of the writing. The transcript presents another error, fatal to the whole proceedings, and shows that there was no cause of action existing. The suit was instituted on the 19th of September, 1840, upon a writing obligatory, dated on the 6th of September, 1840, payable twelve months after date. Consequently, it was not due until the 6th of Sept., 1841.

Judgment reversed, with leave for the parties to amend the pleadings, if leave be asked.